UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN DUNIYA, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 21 C 3399 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| SAMANTHA J. POWER, Administrator, US Agency for International Development, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

After his termination from the United States Agency for International Development ("USAID"), Plaintiff Melvin Duniya filed this lawsuit against Samantha J. Power, the USAID Administrator. In his first amended complaint, Duniya brings claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and a hostile work environment on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* USAID has moved to dismiss Duniya's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Duniya did not properly exhaust his age discrimination claim, he cannot proceed on that claim here. And because he has not sufficiently alleged the basis for his hostile work environment claim, the Court dismisses that claim as well.

# BACKGROUND[1]

## I. Duniya's Employment at USAID

Duniya, a Black male born in 1960, worked for USAID as a financial management specialist from May 2009 until March 20, 2015, when USAID terminated his employment. In this role, Duniya oversaw, maintained, and updated a vendor database. Up until May 2013, Duniya held a contract officer representative ("COR") certification.

Before November 11, 2013, Duniya had various issues with his supervisors, including being given additional duties outside the scope of his training and qualifications; having a temporary assignment to Budapest, Hungary cancelled; having his COR and other duties reassigned; and being verbally admonished during a vendor meeting. On November 27, 2013, Duniya received a minimally successful rating on a mid-term evaluation, despite having received a fully successful rating at a yearly review. On December 23, 2013, Duniya's supervisor told him to take on additional duties as a COR. Duniya refused, indicating that he did not have time to perform a second full-time job on top of database management and that his COR certificate had expired. Nonetheless, in January 2014, Duniya's supervisor insisted that he sign a contract to perform COR duties, but Duniya refused because his COR certificate had expired. USAID then suspended Duniya on January 16, 2014 for failure to follow instructions. On February 6,

---

[1] The Court takes the facts in the background section from Duniya's first amended complaint and the exhibit attached thereto and presumes them to be true for the purpose of resolving USAID's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Here, USAID asks the Court to consider documents from Duniya's administrative proceedings, including the facts therein. The Court will take notice of these documents but will not consider any facts contained within them that may be subject to reasonable dispute. *See Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) ("Although a court may generally take judicial notice of public records, under Federal Rule of Evidence 201, a court may judicially notice only a fact that is not subject to reasonable dispute."); *Lietzow v. Vill. of Huntley*, No. 17 C 5291, 2018 WL 6248911, at *2 (N.D. Ill. Nov. 29, 2018) ("But while the Court may recognize a prior judicial act, it cannot rely on the facts in a court record for the truth of the matter asserted. . . . This is especially so when the findings of fact directly contradict the facts asserted in [plaintiff's complaint.]" (citation omitted) (internal quotation marks omitted)).

2014, Duniya received a notice of proposed suspension for the same reason. In July 2014, USAID placed Duniya on a two-week suspension. In August 2014, Duniya sent a memorandum to a USAID human resources representative, complaining of bullying. In September 2014, Duniya's supervisor again directed him to sign a COR contract, which he again refused to do because his certificate had expired. In December 2014, the USAID deputy chief financial officer met with Duniya to discuss his suspension and bullying, but nothing came of the meeting. On December 8, 2014, USAID assigned Duniya to contact overseas missions by phone while continuing to maintain his duties as the vendor database manager. USAID did not approve his overtime payment requests for the additional work. In light of the physical and mental impact of the demands placed on Duniya, he consulted with a USAID staff care counselor, who recommended that Duniya retire and file for disability. Ultimately, on March 30, 2015, USAID terminated Duniya's employment.

## II.     Administrative Proceedings

Duniya initially filed an Equal Employment Opportunity ("EEO") administrative complaint on March 20, 2014, complaining of a hostile work environment based on his race, age, sex, and retaliation. On January 28, 2015, Duniya submitted another EEO complaint, again alleging a hostile work environment based on his race, age, sex, and retaliation.

After his termination, Duniya filed an appeal of the termination with the Merit Systems Protection Board ("MSPB") on April 9, 2015. An MSPB administrative law judge ("ALJ") issued a decision on the appeal on October 2, 2015, upholding Duniya's termination and concluding that he had not demonstrated that USAID engaged in race discrimination or retaliation for protected whistleblower activity. Duniya then requested review of the ALJ's decision, and the MSPB issued its final order on April 12, 2016, affirming the ALJ's decision.

The MSPB's final order indicated that Duniya could seek further review either from the Equal Employment Opportunity Commission ("EEOC") or through a civil action in federal court, and that he had to file either action within thirty days of Duniya's receipt of the order.

But instead of seeking further review, on December 8, 2016, Duniya sought to amend his EEO complaints to include claims for discrimination and harassment based on race, age, sex, and retaliation with respect to his placement on administrative leave and termination. On December 29, 2016, an EEOC ALJ dismissed his complaints, concluding that the MSPB has already adjudicated them or that the claims were otherwise within the MSPB's purview. On September 8, 2017, the EEOC's Office of Federal Operations reversed and remanded all but Duniya's complaints about his termination to the ALJ. As to the complaints about the termination, the Office of Federal Operations concluded that it fell within the MSPB's jurisdiction and had already been adjudicated there. On March 31, 2021, an EEOC ALJ issued a decision on the remaining complaints, concluding that Duniya had not established discrimination or a hostile work environment based on race, age, sex, or retaliation. On April 26, 2021, USAID accepted the ALJ's order, making it the agency's final action. Duniya filed this case on June 24, 2021.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.     **Administrative Exhaustion of Duniya's Age Discrimination Claim**

In order to pursue his employment discrimination claims in federal court, Duniya must first have exhausted his administrative remedies. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099, 1101 (7th Cir. 2013). USAID argues that Duniya did not do this with respect to his age discrimination claim. As a federal employee attributing his termination to age discrimination, Duniya had a "mixed case" complaint. *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). In order to exhaust his mixed case complaint, he had two choices, either to file a discrimination complaint with USAID's EEO office or bring his case directly to the MSPB. *Id.* at 45.

Duniya chose the latter option, challenging his termination before the MSPB. In that proceeding, he alleged that USAID had engaged in race discrimination and retaliation for protected whistleblower activity. He did not contend that USAID engaged in age discrimination, however. After the MSPB issued its final order on April 12, 2016, Duniya did not seek further review with either the EEOC or the federal court. *See id.* ("If the MSPB upholds the personnel action . . . , the employee again has a choice: She may request additional administrative process, this time with the EEOC, or else she may seek judicial review."). Instead, in December 2016, Duniya sought to amend his prior EEO complaint to add an age discrimination claim with respect to his termination.

5

But Duniya's request to amend his EEO complaint has no effect on the exhaustion question: because Duniya had already filed his mixed case complaint concerning his termination with the MSPB, he could not subsequently attempt to assert any discrimination claims related to the termination through the EEO process. *See Rodriguez v. Napolitano*, No. 12 C 7838, 2014 WL 1276193, at *5 (N.D. Ill. Mar. 27, 2014) ("The one option not open to a federal employee bringing [a] mixed case is filing those claims concurrently with both the MSPB and the agency's EEO office. . . . In those instances where an employee files the same claims before both the EEO and the MSPB, the first-filed complaint controls." (citations omitted)). In other words, in order to pursue an age discrimination claim related to his termination, Duniya had to bring it in the MSPB proceeding. *See Montgomery v. Donahoe*, 602 F. App'x 638, 642 (7th Cir. 2015) ("By designing procedures for the handling of mixed cases and explicitly requiring the MSPB to decide both appealable employment actions and allegations of discrimination when presented with a mixed case appeal, Congress recognized that these are two sides of the same question and must be considered together. Because Montgomery did not raise her discrimination claim before the MSPB, she abandoned it and cannot now try to raise it in federal district court." (citations omitted) (internal quotation marks omitted)); *Rodriguez*, 2014 WL 1276193, at *6 (plaintiff did not administratively exhaust his race discrimination claim where he did not raise it in his MSPB appeal).

Duniya does not argue that he raised age discrimination complaints in the MSPB proceedings, nor can the Court find that the allegations he did raise—race discrimination and retaliation—have a reasonable relationship to age discrimination that his age discrimination complaint would have been discovered as part of the MSPB proceedings. *See Reynolds*, 737 F.3d at 1102 ("A plaintiff bringing a civil action under the ADEA against a federal employer

6

may bring claims actually charged in the administrative proceeding and also claims that are 'like or reasonably related to' the administrative charges."); *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009) (claims are reasonably related "if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation"); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527–28 (7th Cir. 2003) (affirming dismissal of age discrimination claim where plaintiff complained of national origin discrimination but did not mention age anywhere in the charge). Therefore, Duniya failed to exhaust his administrative remedies and cannot proceed on his age discrimination claim here.[2]

## II. Sufficiency of the Hostile Work Environment Allegations

To state a hostile work environment claim, Duniya must allege (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). USAID argues that Duniya has failed to adequately allege that he experienced severe or pervasive harassment and that any such harassment was based on Duniya's race.

---

[2] At this point, almost eight years have passed since Duniya's termination, and so he cannot remedy his failure to exhaust. *See* 5 C.F.R. § 1201.154(a) (appeal to MSPB must be filed "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision on the appealable action, whichever is later"); 29 C.F.R. § 1614.105(a)(1) (before filing agency EEO complaint, a federal employee with a discrimination complaint must contact a counselor within forty-five days of the discriminatory action). Further, even had Duniya raised an age discrimination claim before the MSPB, by failing to file suit or otherwise request review of the MSPB's April 2016 final decision, his attempt to obtain review of such a claim now would be untimely. *See* 5 U.S.C. §§ 7702(b)(1), 7703(b)(2) (employee must seek review of MSPB decision within thirty days of receiving notice of the decision).

A hostile work environment claim requires that the harassment be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Whether an environment is sufficiently hostile "can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Duniya complains of being assigned additional duties, having a temporary assignment cancelled, having other duties taken away from him, having work he completed credited to other employees, being verbally admonished during a meeting, receiving poor marks on his evaluation, having overtime payment requests denied, being bullied, and receiving a suspension. But his general workplace complaints do not allow the Court to infer that a reasonable person would find his work environment hostile and instead appear to merely reflect Duniya's displeasure with his supervisors' management of his work. *See, e.g.*, *Dodgen v. AARP*, No. 21-cv-00086, 2022 WL 4607926, at *4 (N.D. Ill. Sept. 30, 2022) ("While Dodgen may have been unhappy with Anderson's management, or felt unfairly scrutinized, nothing in the complaint plausibly suggests that Anderson's or Gallo's actions towards Dodgen rose to the level of hostility required to sustain a hostile work environment claim."); *Boniface v. Westminster Place*, No. 18-CV-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance"); *Stone v. Bd. of Trs. of N. Ill. Univ.*, 38 F. Supp. 3d 935, 945 (N.D. Ill. 2014) (dismissing plaintiff's claim because "there is no factual allegation which would plausibly

8

suggest either the severity or pervasiveness of the identified harassment"). Although Duniya alludes to bullying, such a generic reference does not suffice, particularly when compared to more serious allegations that courts have dismissed at the pleading stage. *See, e.g.*, *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 990–91 (N.D. Ill. 2016) (dismissing hostile work environment claim despite allegations that supervisor pulled plaintiff's hair, inspected her scalp, and screamed at her on multiple occasions, and that other coworkers laughed at her, gave her dirty looks, and ostracized her); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5–7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim despite allegations of a racially insensitive comment, racially based disciplinary actions, and discrimination against African American employees on multiple occasions).

The Court acknowledges that "a workplace need not be 'hellish' to constitute a hostile work environment." *Alamo v. Bliss*, 864 F.3d 541, 550 (7th Cir. 2017); *see also Gates v. Bd. of Educ. of Chicago*, 916 F.3d 631, 637 (7th Cir. 2019) (noting the rejection of the "hellish" standard for hostile work environment claims). But without additional details, the Court cannot conclude that the alleged conduct here rises to the level of severe or pervasive conduct required to support a hostile work environment claim. *See McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014) ("Plaintiff's allegations in the Amended Complaint, while no doubt describing rude and unpleasant conduct, by themselves do not seem to rise to the level of the hostile and abusive atmosphere found in the case law." (collecting cases)); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" (citations omitted)); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers

9

generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace."). Therefore, the Court dismisses Duniya's hostile work environment claim without prejudice.[3]

## CONCLUSION

For the foregoing reasons, the Court grants USAID's motion to dismiss [20]. The Court dismisses Duniya's age discrimination claim (Count I) with prejudice and his hostile work environment claim (Count II) without prejudice.

Dated: April 3, 2023

SARA L. ELLIS
United States District Judge

---

[3] If Duniya chooses to replead his hostile work environment claim, he also should consider adding additional allegations to support his contention that the harassment occurred based on his race. *See Moore v. St. Paul Lutheran Church & Sch.*, No. 20-cv-4541, 2021 WL 2186180, at *5 (N.D. Ill. May 28, 2021) (finding "blanket allegation" that "harassment was racially motivated" did not suffice because the plaintiff did not include "*facts* supporting the inference that [the] facially neutral actions were motivated by race," collecting cases).