UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN DUNIYA, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 21 C 3399 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| SAMANTHA J. POWER, Administrator, US Agency for International Development, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Melvin Duniya sued Defendant Samantha J. Power, the Administrator of the United States Agency for International Development ("USAID"), after USAID terminated his employment in March 2015. Duniya initially alleged that USAID discriminated against him due to his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and created a hostile work environment on account of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. After considering USAID's first motion to dismiss, the Court dismissed Duniya's ADEA claim with prejudice because he failed to exhaust his administrative remedies, but allowed him to replead his hostile work environment claim. USAID now moves to dismiss Duniya's second amended complaint. Because Duniya did not adequately plead that he experienced harassment or that the harassment was connected to his race, and because this is Duniya's second failure to successfully plead his claim, the Court dismisses his second amended complaint with prejudice.

**BACKGROUND**[1]

Duniya, a Black male, worked for USAID as a Financial Management Specialist from March 2009 until his termination on March 20, 2015. In this role, Duniya oversaw, maintained, and updated more than 10,000 vendor records. In May 2011, Duniya volunteered to become a Contract Officer Representative ("COR"), which required him to obtain a COR certification valid from May 2011 through May 2013. At this time, Duniya's supervisor, the Deputy Chief Financial Officer ("DCFO"), was a white female.

Duniya's difficulties with his coworkers and supervisors began in 2012. In July 2012, the DCFO cancelled a training development trip that Duniya was going to attend, but she did not cancel any white employees' trips. In August 2012, a white employee attended Duniya's midterm performance review without a proper reason for the intrusion. Duniya also reported to USAID in August 2012 that the DCFO racially discriminated against him by giving a white woman a supervisor's office despite not being a supervisor.

In September 2012, the DCFO required Duniya to attend ongoing daily meetings—no other employees had such a requirement. On September 19, 2012, the DCFO held a meeting with Duniya and the same employee who attended his midterm review where they both berated him, causing Duniya physical and mental duress. Duniya reported this interaction to the Chief Financial Officer, a white male, who directed the DCFO to apologize. The DCFO then directed Duniya to change a date on an invoice, but he refused because doing so would have violated a federal regulation.

---

[1] The Court takes the facts in the background section from Duniya's second amended complaint and the exhibit attached thereto and presumes them to be true for the purpose of resolving USAID's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

In October 2012, a third party cancelled a training class that Duniya coordinated, for which the DCFO berated him in front of other employees. In November 2012, a different (unnamed) supervisor removed Duniya from his COR duties without notice. Then, in December 2012, the DCFO walked into Duniya and drove her shoulder into him at a Christmas party.

The troubles continued into 2013. First, Duniya's COR certification expired in May (and apparently Duniya did not take any steps to renew it). Next, in July, the DCFO gave Duniya a "minimally successful" mid-cycle performance evaluation. Doc. 32 ¶ 24. After Duniya complained to the Agency Appraisal Committee, which found that the evaluation was unjust, the DCFO upgraded Duniya's review to "fully successful." *Id.* In October, the DCFO gave a different white staff member credit for a policy paper that Duniya actually wrote. On November 27, Duniya received another "minimally successful" rating in a midterm evaluation. *Id.* at ¶ 27. Finally, on December 23, 2013, a different supervisor, the Director of the Financial Policy and Support Section ("DFPS"), who was a white male, ordered Duniya to take on additional COR duties, which Duniya refused due to his expired certification.

The new year brought the same challenges for Duniya. In January 2014, the DFPS denied Duniya's request to transfer to a different department and renewed his order that Duniya perform COR duties—Duniya again refused. On February 6, Duniya received a notice of proposed suspension for failure to follow directions (it is unclear who gave him this notice). In June, a new Chief Financial Officer ("CFO"), a Black male, became the head of Duniya's division. Duniya met twice with the CFO to discuss his complaints, but he did not receive a requested meeting with the CFO, DCFO, and DFPS. Then, USAID suspended Duniya for two weeks in July (Duniya does not provide a reason in his second amended complaint for this suspension). Duniya escalated his complaints in August by sending a memorandum to a USAID

3

human resources representative, complaining of racial discrimination and bullying. In September, Duniya's supervisor ordered him to sign an outdated COR letter, which he again refused to do. In December, the CFO met with Duniya for a third time to discuss the alleged discrimination but took no actions following the meeting.

On December 8, the DFPS assigned Duniya to administer the overseas Purchase Card Program, even though he had no experience or training. In this position, Duniya was required to contact overseas agency offices by phone, which he claimed he could not do during normal working hours. In January 2015, USAID again suspended Dunya for two weeks (again, no reason is alleged in Duniya's second amended complaint). Duniya visited a counselor who advised him that he should retire and file for disability. USAID terminated Duniya on March 20, 2015.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

To state a hostile work environment claim, Duniya must allege (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833-34 (7th Cir. 2015). USAID argues that Duniya again failed to sufficiently allege that he faced objectively offensive workplace conduct that was severe or pervasive, and that he again failed to sufficiently allege that the harassment he experienced was based on his race. The Court agrees.

First, Duniya fails to allege that he experienced objectively offensive conduct that was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Whether an environment is sufficiently hostile "can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *see also Alamo v. Bliss*, 864 F.3d 541, 551–52 (7th Cir. 2017) (verbal harassment, food theft, and repeated physical assaults sufficient to plead a hostile work environment claim); *Poullard v. McDonald*, 829 F.3d 844, 859 (7th Cir. 2016) (verbal harassment, pay disparity, and letter of admonishment were not "severe or pervasive enough to rise to the level of a hostile work environment"); *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334 (7th Cir. 2002) (rude treatment by supervisor insufficient to bring hostile work environment claim).

Duniya's second amended complaint notes several unpleasant workplace experiences, including an arbitrarily cancelled training development trip, a non-supervisor attending his performance review, mandatory daily meetings, harsh language used against him, poor work performance reviews, and one physical encounter with his supervisor. He argues that this "states enough facts" to survive the motion to dismiss. Doc. 41 at 7. But it is not the sheer number of facts the complaint alleges that matters to evaluate whether it states a sufficient workplace harassment claim—rather, it is whether the allegations show that Duniya faced "sufficiently severe or pervasive" conduct. *Potter*, 400 F.3d at 1047. Here, the disjointed events of which Duniya complains are not enough to adequately plead that he experienced severe or pervasive harassment in the workplace. *See, e.g.*, *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace."); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13 C 6500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014) ("Plaintiff's allegations . . . while no doubt describing rude and unpleasant conduct, by themselves do not seem to rise to the level of the hostile and abusive atmosphere found in the case law." (collecting cases)); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5–7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim despite allegations of a racially insensitive comment, racially based disciplinary actions, and discrimination against African American employees on multiple occasions). At most, they show that his "co-workers and supervisors were mean to [him] and humiliated [him]," which is insufficient to state a claim. *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 991 (N.D. Ill. 2016).

But even if Duniya sufficiently pleaded sufficient offensive conduct, he would have failed to sufficiently plead that the harassment he experienced was based on his race.

Harassment is based on a person's race if it is either racial in character or purpose. *See Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 896 (7th Cir. 2016) (citing *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 345 (7th Cir. 1999)). The connection between harassment and race "does not have to be explicit, [but] there must be *some* connection, for 'not every perceived unfairness in the workplace may be ascribed to discriminatory motivation merely because the complaining employee belongs to a racial minority.'" *Zayas v. Rochford Mem'l Hosp.*, 740 F.3d 1154, 1159 (7th Cir. 2014) (quoting *Beamon v. Marshal & Ilsiley Trust Co.*, 411 F.3d 854, 863 (7th Cir. 2005)).

Here, Duniya's allegations only show that he had white colleagues and supervisors and that their relationship was not harmonious. Duniya complains that his supervisor was white; that a white employee was given a supervisor's office despite not being a supervisor; a white staff member was given credit for a paper he authored; and he was berated by two white women. Duniya asks the Court to infer from these events that the harassment he experienced was racially motivated. But just because Duniya is Black and the employees whose conduct about which he complains are white does not allow for the inference that the harassment was racial in character, nor that it was racial in purpose. *See Paschall v. Tube Processing Corp.*, 28 F.4th 805, 814 (7th Cir. 2022) (holding that denial of overtime, being treated harsher and having harder jobs than white employees did not show that the harassment was connected to race); *Herron v. Daimler Chrysler Corp.*, 388 F.3d 293, 302–03 (7th Cir. 2004) (holding that perceived favoritism of white supervisors was insufficient to state discrimination claim); *Reid v. Chi. Hous. Auth.*, No. 12 C 1975, 2014 WL 3375643, at *4 (N.D. Ill. July 10, 2014) ("[T]he mere fact that an employee of one race" is treated differently "than an employee of another race does not, without more, warrant an inference of racial discrimination."). Duniya does not plead that his supervisors or

coworkers used racial slurs or symbols against him, or that their mistreatment of him was pretext for racial animus—such conduct would have made it more likely that Duniya would have stated a claim. *See Moore v. St. Paul Lutheran Church & Sch.*, No. 20 C 4541, 2021 WL 2186180, at *5 (N.D. Ill. May 28, 2021) ("Harassment is racial in character when it is obviously connected to the person's race (e.g., the use of racial slurs, or the use of racially charged symbols)[.]"). Duniya's mere allegation that the unpleasant conduct he experienced was racially motivated is insufficient to state a claim. *See id.* at *6 ("Alleging a bare conclusion [of race] is not enough to state a claim."); *see also Hancock v. City of Chicago*, No. 18 C 4580, 2019 WL 1399949, at *2 (N.D. Ill. 2019) (holding that alleging that the "conduct of named defendants was committed upon [plaintiff] because his [sic] is an African American" failed to state a claim because it did not "satisfy the notice requirements set forth by the Supreme Court in *Twombly* and *Iqbal*"), *aff'd sub nom. Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834 (7th Cir. 2020).

Because Duniya has failed to show he experienced actionable mistreatment in the workplace or that it occurred based on his race, his hostile work environment claim fails. Because this is the second time that Duniya has failed to adequately state this claim, the Court dismisses his second amended complaint with prejudice. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[A] district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss[.]'" (quoting *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004))).

## CONCLUSION

For the foregoing reasons, the Court grants USAID's motion to dismiss [36]. The Court dismisses Duniya's second amended complaint with prejudice and terminates the case.

Dated: November 9, 2023

_____
SARA L. ELLIS
United States District Judge